# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

LEE BRYANT RUCKER,

Plaintiff,

V.

MINNEQUA MEDICENTER; SSC PUEBLO OPERATING COMPANY, LLC D/B/A MINNEQUA MEDICENTER; SSC BELMONT OPERATING COMPANY, LLC; SAVASENIORCARE, LLC; SAVASENIORCARE ADMINISTRATIVE SERVICES, LLC; AND SSC SAVASENIORCARE CONSULTING, LLC,

Defendants.

## NOTICE OF REMOVAL

Defendants Minnequa Medicenter, SSC Pueblo Operating Company, LLC d/b/a Minnequa Mediccenter , and SSC Pueblo Belmont Operating Company, LLC (collectively "Defendants"), through their attorneys Gordon & Rees LLP, hereby notice removal to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1441 and 1446.

1.  Plaintiff Lee Bryant Rucker ("Mr. Rucker") filed this lawsuit on October 27, 2014 in District Court, Pueblo County, Colorado, under the caption *Lee Bryant Rucker v. Minnequa Medicenter et al.*, Case No. 2014CV30987.  Mr. Rucker alleges Defendants were each involved in various aspects of the operation of a licensed skilled nursing facility in Pueblo, Colorado, doing business as Minnequa Medicenter, where Mr. Rucker was a resident.  (Compl., Oct. 27, 2014, ¶¶ 1-9.)  Mr. Rucker further alleges that, during

his residency at the Minnequa Medicenter, he was "brutally assaulted" by another resident with a cane and suffered "serious personal injuries" including a fracture of the anterior left maxillary wall of his eye socket;" a leg fracture; subcutaneous contusions on his face and cheeks; contusions and lacerations of his scalp, nose, and face; and discoloration of his head.  (*Id.* at ¶¶ 18-25.)  Plaintiff further alleges Mr. Rucker suffered significant damages as a result of this assault including a prolonged hospital stay.  (*Id.* at ¶ 26.)  Plaintiff asserts claims of Negligence, Intentional Infliction of Emotional Distress, Violation of the Colorado Consumer Protection Act, and Negligence Per Se.  (*Id.* at ¶¶ 39 – 68.)  Plaintiff demands a trial by jury.  (*Id.* at p. 11.)

2.      Plaintiff served process on Defendants Minnequa Medicenter, SSC Pueblo Operating Company, LLC d/b/a Minnequa Mediccenter, and SSC Pueblo Belmont Operating Company, LLC on October 28, 2014.  (Returns of Service, Oct. 28, 2014.)  To the best of counsel's knowledge, the remaining Defendants (SAVASENIORCARE, LLC, SAVASENIORCARE Administrative Services, LLC, and SSC SAVASENIORCARE Consulting, LLC) have not been served as of the date of this filing.[1]  This Notice of Removal is filed within thirty days of October 28, 2014 in compliance with the thirty-day requirement of 28 U.S.C. § 1446(b).  Defendants have not appeared in this matter in the District Court, Pueblo County, Colorado.

3.      Removal is permissible on the grounds of diversity jurisdiction.  "Except as otherwise expressly provided by act of Congress, any civil action brought in the state court of which the district courts of the United States have original jurisdiction, may be

---

[1] Although Section 1446 requires unanimous consent to removal by all defendants, only those defendants who have been served at the time of the removal deadline are required to join in the removal.  *See Scheall v. Ingram*, 930 F. Supp. 1448, 1448 (D. Colo. 1996).

removed by the defendant or the defendants to the District Court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds a sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1).

4.  The amount in controversy in this case exceeds $75,000. Plaintiff verified in her Civil Cover Sheet that she seeks exclusion from simplified discovery under C.R.C.P. 16.1 because she "is seeking a monetary judgment for more than $100,000.00 against another party." (Civil Cover Sheet, Feb. 11, 2013, pp. 1-2.) Moreover, the nature of the personal injuries alleged, if true, will likely exceed $75,000.

5.  Plaintiff and Defendants are citizens of different states. Plaintiff is, on information or belief, a citizen of Colorado. (Compl. at ¶ 1 ("Plaintiff Lee Ruker was and is a resident of the County of Pueblo, State of Colorado.").)

6.  Defendant Minnequa Medicenter is a trade name, not a separate legal entity, for Defendant SSC Pueblo Operating Company, LLC.[2] A limited liability company is a citizen of the states where its members are citizens. *See Hale v. Mastersoft International Pty. Ltd. et al.,* 93 F. Supp. 2d 1108, 1112 (D. Colo. 2000). Defendant SSC Pueblo Operating Company, LLC's sole member is SSC Special Holdings, LLC. SSC Special Holdings, LLC's sole member is SSC Special Holdings Parent Holdco, LLC. SSC Special Holdings Parent Holdco, LLC's sole member is SavaSeniorCare, LLC. SavaSeniorCare, LLC's sole member is Proto Equity Holdings,

---

[2] http://www.sos.state.co.us/biz/TradeNameSummary.do?quitButtonDestination=BusinessEntityResults&nameTyp=TRDNM&entityId2=20051461394&srchTyp=TRDNM&fileId=20051461394&masterFileId=20051461394

LLC. Proto Equity Holdings, LLC's sole member is Terpax, Inc. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Terpax, Inc. is a Delaware Corporation with its principal place of business in Georgia. Defendant SSC Pueblo Operating Company, LLC is thus a citizen of both Delaware and Georgia.

7. Defendant SSC Pueblo Belmont Operating Company, LLC's sole member is SSC Special Holdings, LLC. SSC Special Holdings, LLC's sole member is SSC Special Holdings Parent Holdco, LLC. SSC Special Holdings Parent Holdco, LLC's sole member is SavaSeniorCare, LLC. SavaSeniorCare, LLC's sole member is Proto Equity Holdings, LLC. Proto Equity Holdings, LLC's sole member is Terpax, Inc. Terpax, Inc. is a Delaware Corporation with its principal place of business in Georgia. Defendant SSC Pueblo Belmont Operating Company, LLC is a citizen of Delaware and Georgia.

8. Defendant SAVASENIORCARE, LLC's sole member is Proto Equity Holdings, LLC. Proto Equity Holdings, LLC's sole member is Terpax, Inc. Terpax, Inc. is a Delaware Corporation with its principal place of business in Georgia. Thus, Defendant SAVASENIORCARE, LLC is a citizen of Delaware and Georgia.

9. Defendant SAVASENIORCARE Administrative Services, LLC's sole member is Defendant SAVASENIORCARE, LLC. Defendant SAVASENIORCARE, LLC's sole member is Proto Equity Holdings, LLC. Proto Equity Holdings, LLC's sole member is Terpax, Inc. Terpax, Inc. is a Delaware Corporation with its principal place of business in Georgia. Thus, Defendant SAVASENIORCARE Administrative Services, LLC is a citizen of Delaware and Georgia.

10. Defendant SSC SAVASENIORCARE Consulting, LLC's sole member is Defendant SAVASENIORCARE, LLC. Defendant SAVASENIORCARE, LLC's sole member is Proto Equity Holdings, LLC. Proto Equity Holdings, LLC's sole member is Terpax, Inc. Terpax, Inc. is a Delaware Corporation with its principal place of business in Georgia. Thus, Defendant SAVASENIORCARE Administrative Services, LLC is a citizen of Delaware and Georgia.

11. Thus Plaintiff is a citizen of Colorado. Defendant Minnequa Medicenter is a trade name for Defendant SSC Pueblo Operating Company, LLC. Defendant SSC Pueblo Operating Company, LLC is a citizen of Delaware and Georgia. Defendant SSC Pueblo Belmont Operating Company, LLC is also a citizen of Delaware and Georgia. Defendant SAVASENIORCARE, LLC is a citizen of Delaware and Georgia. Defendant SAVASENIORCARE Administrative Services, LLC is a citizen of Delaware and Georgia. And Defendant SSC SAVASENIORCARE Consulting, LLC is a citizen of Delaware and Georgia. There is, therefore, complete diversity of citizenship between Plaintiff and Defendants.

12. Diversity jurisdiction exists here pursuant to 28 U.S.C. § 1332.

13. Defendants consent to removal. Defendants do not waive any right to assert a jurisdictional defense by filing this notice of removal.

14. Pursuant to 28 U.S.C. § 1446(d) and D.C.Colo.LCivR 81.1, notice of removal has been sent to all other parties in this action who have been served at the time of removal and has been filed with the state court clerk's office.

15. Also, copies of all process, pleadings, and orders filed in the Pueblo County District Court action are submitted with this notice and attached as follows:

- October 27, 2014 – "Complaint with Jury Demand"
- October 27, 2014 – "Exhibit A – Complaint"
- October 27, 2014 – "Exhibit B – Complaint"
- October 27, 2014 – "Summons"
- October 27, 2014 – "Civil Case Cover Sheet"
- November 4, 2014 – "Affidavit of Service - Minnequa Medicenter"
- November 4, 2014 – "Affidavit of Service - Defendant SSC Pueblo Operating Company, LLC"
- November 4, 2014 – "Affidavit of Service - Defendant SSC Pueblo Belmont Operating Company, LLC"
- November 18, 2014 – Registrar of Actions

Respectfully submitted on November 18, 2014.

          s/ *Thomas B. Quinn*
          Thomas B. Quinn, #17955
          David M. Clarke, #41281
          GORDON & REES LLP
          555 17th Street, Suite 3400
          Denver, Colorado 80202
          303-534-5160
          tquinn@gordonrees.com
          dclarke@gordonrees.com
          *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 18, 2014, a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such to the following:

Shannon Reed, #13805
Richard A. Orona, #35299
Mullans, Piersel & Reed, P.C.
1311 N. Greenwood Street
Pueblo, CO 81003
Phone: (719) 543-2040
Fax: (719) 543-6538
reed@mprlegal.com
orona@mprlegal.com

**Attorneys for Plaintiff**

*/s/ Thomas B. Quinn*_____